UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Linda Sheriff and Sara McGee | ) | Civil Action No.: 6:04-22810-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Hardee's Food Systems, Inc., and Unknown Defendants A, B, and C, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

In this matter, the plaintiffs, Linda Sheriff and Sara McGee ("Sheriff" and "McGee") allege violations of Title VII of the Civil Rights Act of 1964. Sheriff alleges that she was discharged in retaliation for opposing an instruction to terminate black employees under her supervision and replace them with white employees. McGee alleges that her employment was terminated because of her race. Plaintiffs filed this action on October 29, 2004. Defendants filed a motion for summary judgment on August 8, 2005. Plaintiffs filed a response on August 22, 2005.

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by Magistrate Judge Bruce H. Hendricks, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(g). In her Report, Magistrate Judge Hendricks considered the issues and recommended that the defendants' motion for summary judgment be granted. Plaintiffs filed objections to the Report on November 29, 2005. Defendants filed a response to plaintiffs' objections on December 7, 2005.

In their objections the plaintiffs allege that the Report's finding that the defendants are entitled to summary judgment is in error. Sheriff alleges that the Magistrate Judge "in large part ignored

1

Sheriff's evidence showing that the defendant's real reason for discharging her was retaliation" for her refusal to discharge black employees and considered the evidence in the light most favorable to the employer. McGee alleges that the Magistrate Judge viewed the evidence in a light most favorable to the defendants and ignored the evidence of discrimination presented on her behalf.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed . . . While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

**Summary Judgment Standard**

Defendants filed their motion for summary judgment pursuant to Rule 56, FRCP. The moving party bears the burden of showing that summary judgment is proper. Summary Judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56,Fed.R.Civ.P; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed. R. Civ. P. 56(e); Matsushita Electrical Industrial Co., Ltd.

2

v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). The evidence relied upon must meet "the substantive evidentiary standard of proof that would apply at trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Courts take special care when considering summary judgment in employment discrimination cases because states of mind and motives are often crucial issues. Ballinger v. North Carolina Agric. Ext. Serv., 815 F.2d 1001, 1005 (4th Cir.1987, cert. denied, 484 U.S. 897 (1987).

**Facts**

As this is defendants' motion for summary judgment, the Court will present the facts in the light most favorable to the plaintiffs as the non-moving parties.

The defendant Hardee's Food Systems, Inc. operates fast-food restaurants. The unknown defendants are entities with an ownership interest in Hardee's who employed plaintiffs. Plaintiff Sheriff, a Caucasian, was employed by Hardee's as a General Manager at its Augusta Road location in Greenville, South Carolina. Plaintiff McGee, who is black, was a biscuit maker at the same restaurant.

Sheriff was hired by Hardee's on July 1, 1988. She held various positions with the company, including General Manager. She alleges that she was often assigned to stores that historically had problems with inventory and payroll. She became General Manager at the Augusta Road location

(Store #7) in March of 2003. Store #7 had serious internal problems already. However, Sheriff alleges that she was never disciplined concerning labor or inventory problems until the time of her discharge.[1] Sheriff was diagnosed with cancer in 2003. She took medical leave in May 2003. She also allegedly took a two-week medical leave for cancer surgery to her throat on August 28, 2003.[2] Sheriff admits that some employees were not paid the full amounts to which they were due in May, June, August and September. (See Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, pp. 3-4). Sheriff has not been accused of altering payroll records herself but has allegedly failed to properly manage the store to prevent such problems. Sheriff was also accused of failing to properly manage the inventory and making a personal loan to an employee, against company policy.

Sheriff was discharged on October 3, 2003. She alleges that her supervisor, Sullivan, gave her a handwritten memo on September 11, 2003 regarding cleaning and maintenance needs of the store and that she remedied all such problems. She further alleges that, a week or so later, Sullivan visited the store and told her that Sheriff needed to "lighten up" the store, meaning the store had too many black employees. A shift manager at the store, Gwen Mulkey, alleges she overheard the comment. Ms. Mulkey states in her affidavit:

> I was in the store's lobby area sweeping and mopping, and I overheard Barbara Sullivan tell Linda Sheriff that the Store was "too dark," and to get rid of the black employees and replace them with white employees.

The other plaintiff, McGee, was hired as a biscuit maker on May 1, 2003. After Sheriff was

---

[1] The affidavit of Patrick Boykin presented by the defendants avers that he was District Manager over Greenville #7 in 2003 and that he issued a "final written warning" to Sheriff in April, 2003 for payroll problems. See copy of memo from Boykin to Sheriff dated February 4, 2005, with blank line for initials of employee, attached to Memorandum in Support of Motion for Summary Judgment.

[2] Defendants contend that Sheriff's second medical leave was actually vacation leave. Regardless of the type of leave, Sheriff admits that she came into the store on September 1, 2003 after learning of inventory shortages of $1,300.00.

4

discharged, McGee's work hours were allegedly reduced to only two days per week, but the hours of the white employees allegedly were not reduced. McGee was discharged on October 23, 2003 for giving food to a relative who was not in her immediate family. She alleges that, before handing the biscuits to the cousin for delivery to her daughter, she had tried three times to give money to Sullivan for the food, but Sullivan refused.

McGee indicates that, in order to reduce labor costs, the only employees who normally worked the early morning shift were a biscuit cook, a backline cook, and a manager. She alleges that a white biscuit cook, Jeannette, was called into work that morning and took over her duties after the discharge. McGee claims that Sullivan set her up and that she intended to fire McGee before the food incident. The defendants contend that Jeannette was a backline cook as well as a biscuit cook and that sometimes more than three employees worked on a shift. Defendants question how Hardee's could have known ahead of time that McGee would give food away that day, although they do contend that other employees had reported that McGee was giving food away.

## Title VII

Title VII provides:

> It shall be an unlawful employment practice for an employer–(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges or employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a)(1). Title VII prohibits retaliation against an employee because she has "opposed any practice made unlawful by this subchapter . . ." 42 U.S.C. §2000-e3.

Direct proof of discrimination must be "evidence of conduct or statements that both reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision." Blankenship v. Warren County Sheriff's Dep't, 939 F.Supp. 451, 456 (W.D. Va. 1996). The

5

causal link between the activity protected by Title VII and the adverse employment action may be shown by indirect evidence, such as proximity in time. See Clark County School District v. Breeden, 532 U.S. 268 (2001).

In reviewing the evidence in the light most favorable to the plaintiffs as required by the summary judgment standard, the Court finds that, if believed by the fact-finder, the alleged statement made by the supervisor, Ms. Sullivan (corroborated by the shift manager, Ms. Mulkey) constitutes direct evidence of discriminatory intent. The "lighten up" remark is direct evidence upon which a finder of fact could rely in finding retaliation as to Sheriff and racial discrimination as to McGee.[3] See Merritt v. Dillard Paper Co., 120 F.3d 1181 (11th Cir. 1997), rehearing and suggestion of en banc proceeding denied, 130 F.3d 446 (1997), examples of comments constituting direct evidence, including "those niggers out there will not get anywhere with this company", citing E.E.O.C. v. Beverage Canners, Inc., 897 F.2d 1067 (11th Cir. 1990) and "if it was his company, he wouldn't hire any black people", citing E.E.O.C. v. Alton Packaging Corp., 901 F.2d 920 (11th Cir. 1990).

The comment was allegedly made in September of 2003 and Sheriff's discharge was on October 3, 2003. McGee was subsequently discharged on October 23, 2003. Therefore, a temporal connection

---

[3] In many employment discrimination cases, the evidence shows more than one reason for the discharge of an employee, a "mixed motive", i.e., a legal motivating factor and an illegal motivating factor. In the case of Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), the Supreme Court held that, if the finder of fact concludes that a permissible reason existed to support the employer's decision, no liability would be incurred. The Civil Rights Act of 1991, 42 U.S.C. §2000e-5(g)(2)(B), partially overruled the Price Waterhouse decision. Under the Act, in a mixed motive case, the employer can only avoid liability for monetary damages and being subjected to an order of reinstatement or promotion. The Court may still grant the plaintiff declaratory and injunctive relief and attorney's fees. However, the Act did not overrule Price Waterhouse in "retaliation" cases. Kubicko v. Ogden Logistics Services, 181 F.3d 544 (4th Cir. 1999). In Kubicko, the Fourth Circuit held that, unlike in other causes of action under Title VII, "retaliation" is not mentioned in 42 U.S.C.§2000e-2m and that, because of this omission, the employer may defend retaliation claims using the Price Waterhouse defense through showing that it would have made the same decision without the discriminatory motive. Therefore, in the case at bar, if the employer can convince a finder of fact that Sheriff's discharge was based in part on a legal motive, then no liability would be found and no remedies would be available. McGee's claim, on the other hand, which is not a "retaliation" claim, would have available, upon proper proof, the limited remedies set forth in the Civil Rights Act of 1991 if she pursued a mixed motive claim.

exists between the "lighten up" comment and the dates of discharge.

Accordingly, since direct evidence exists for summary judgment purposes, it is not necessary to analyze the case for either plaintiff under the proof scheme set forth in the case of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  See Pinchback v. Armistead Homes Corp., 907 F.2d 1447 (4th Cir. 1990).

## Conclusion

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law.  The court respectfully declines to adopt the Report and Recommendation.  Accordingly, defendants' motion for summary judgment is **DENIED**.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

Florence, South Carolina
March 24, 2006